May it please the court. I have three main points to cover this morning. First, the government concedes that in appropriate circumstances, section 404 authorizes a district court to reduce sentence for a non-covered offense when it is part and part of a sentencing package. That is, that they form part of a single integrated sentence. Second, that concession makes this case an easy one as the covered 841 count and the non-covered CCE count were part of the same package. They were based on similar conduct and charged in a single indictment. They were treated as relevant conduct to one another. They were grouped together in one group in the guideline calculations, and they resulted in a single sentencing range. Third, the district court reduced the 841 count to 30 years, well below the 40 year statutory maximum. That reduction on only the 841 count makes sense only if the district court believed it had no authority under the sentencing package doctrine to also reduce the CCE count. The court's order indicated that the CCE count was not a covered offense and therefore, and I quote, ineligible for review on the merits. That's at Joint Appendix pages 313 through 14. If the district court had understood its authority under the sentencing package doctrine, it would not have reached that conclusion. Accordingly, we ask this court to remand the court, to remand the case for the district court to consider the sentencing package doctrine and to consider whether to reduce the sentence on the CCE count as well as on the 841 count. Counsel, can I ask you a question? Government, as you point out in its 28-J letter, takes the position to reduce a sentence on a non-covered offense if it's part of a single, integrated sentencing package with a covered offense. Is that the defendant's position as well? Because it struck me that under Ventura and I think maybe some of the district courts in our circuit are not exactly asking that question. They're just saying, look, one of the offenses is covered and all of these sentences came from the same indictment. We can look at all of them, period. Which would be a broader rule. And I'm trying to figure out which one's the broader rule. But I think, of course, I would argue for the broader rule. But even under the government's theory, we wouldn't. I'm just trying to figure out who has what position in this room today. Yeah, well, certainly the government and we agree that under the government's proposal or concession that- That's all we have to decide. The purpose of this case, yes, to make clear that the district court under section 404 has the ability to review all of the counts that are part of a package and has authority if it chooses to exercise it or has discretion if it chooses to exercise it to reduce sentences on non-covered accounts. Well, it appears from the record that he did not rely on his discretion but on the Thomas case. Tell me about how the Thomas case might impact the outcome of this case. Judge Floyd, the Thomas case, which came out only a few weeks before the district court entered its opinion or its ruling after remand from this case, the Thomas case specifically held that CCE is not a covered offense. But Thomas involved only one count, that issue. So in Thomas, there simply was no need to address the sentencing package doctrine. And in fact, Mr. Thomas finished his sentence fairly shortly after that. So I think Thomas, the district court certainly understood from Thomas that the CCE count in this case was not a covered offense and therefore, in its view, it had no ability to further consider that count even as part of the sentencing package. If the court has no further questions, I'll reserve the remainder of my time. I guess I have one question. Yes, Judge Harris. I have one or two questions. So again, I am sort of struck by the convergence between the parties in this case on the right answer, at least for purposes of resolving this case. There is a circuit split out there with some circuits taking the view that even if an uncovered offense is part of a single integrated sentencing package, you still can't reduce it. Do we have to worry about sort of deciding that question finally? Should we just take the government's concession and rely on that? Or should we decide the question given that we don't actually have adversarial briefing on it? I have a slight concern about resolving this question in a posture where only one side of it is being argued. Well, the government, I think, has modified its position to say the least. And yes, and you know, I did argue even in the opening brief that these were distinct offenses. And I think what the Third Circuit's Junius decision show and others, each of those involved a charge that is not in this case. And that was CCE murder or some other type of murder. For example, 1512, murder of an FBI informant. One of the factors that we think courts would take into account in deciding whether something is part of a package is the nature of the charges. So for example, is the non-covered offense similar to the covered offense? Or is it very different? Well, in those cases, murder was very different from drug distribution. In this case, the thrust of the charging document and of the rest of the case was clearly the drug distribution. So I think, and I also think in Junius that the Third Circuit takes a somewhat different view of what constitutes a sentencing package than does this court. And of course, this court is bound by its precedent. Well, as a follow-up to Judge Harris's question, could we take, could we say that as a practical matter, judges in this situation approach sentencing in a holistic approach? Yes, absolutely. And this court in some of its other published decisions on the First Step Act has made that clear. And I think here, the court abused its discretion because it didn't acknowledge the argument that in fact we had made, albeit three years earlier, that the sentencing package did authorize the district court to reduce the CCE count, even if it was not a covered offense. And that's a joint appendix, pages 219 through 220. And the court simply never acknowledged that. And so whether it's a question of it didn't know it had its authority or under the court's precedent, because that was a non-frivolous argument since it went to whether relief on the 841 count would make any difference at all. As a practical matter, is it not, is the holistic approach not the way that district judges in this circuit sentence? In the context of original sentencing, yes. And under this court's First Step Act precedent, that is the same approach that they should be taking when considering reductions. And there's no indication here because the district court so clearly said that the CCE count was off limits. It was not, it was ineligible as part of the court's review of the case. And it's clear that the district court did not consider it. And again, the district court's reduction on count three makes no sense if it understood it had authority on count two, because it's the same operative set of facts. The mitigating evidence is all the same for both counts. And it simply makes no sense not to have reduced both. And if the court understood it had authority under the Sentencing Package Doctrine, it needed to have said so, and then to explain why it was not also reducing the sentence on the CCE count. I see my time is about up. I will reserve the remainder for a rebuttal. Thank you. Thank you. Yes. Yes. Good morning, your honors. May it please the court, Joseph Attias for the United States. Your honors, this court should affirm for several reasons. The first is that there was just no valid basis to reduce the defendant's sentence on count three in the first place. And the only way to give the defendant what it's asking for in this appeal is to effectively double down on the court's initial error and grant the defendant relief that he otherwise would not be entitled to. The district court twice denied the defendant's initial motion and then the motion on reconsideration and made clear in both of those opinions that it did not want to reduce the defendant's sentence. The defendant then appealed, and this court sui sponte, reverse and remanded, finding that the district court had erred under Collington, a decision that didn't exist at the time. On remand, the district court complied and reduced the defendant's sentence. But as we now know from Reed- That would make sense. I feel like I understand your argument. If the district court had reduced the sentence to the 40-year statutory maximum, but that's not what it did. It didn't apply Collington. It said, okay, I'm looking again. And on all the same, there was no new briefing, no windfall, no chance to assert new arguments. Just, I'm looking at this. Actually, this sentence should be 30 years. Sure. So, well, of course, I mean, if you look at the district court's first two opinions and the third opinion, candidly, they come from two different universes. In the first two opinions, the district court looks at a certain set of facts and says, they weigh against relief. In the third opinion, the district court looks at the same facts and say, they weigh in favor of relief. And the only way to explain that, I think, is to look at Collington. The district court was told to do something. You have to reduce the sentence. I understand that he did more than he was told to do. And anything else in Collington about take a holistic approach, do this carefully, explain yourself, all of that is still good law. So what's the point? Oh, I agree with that. And the district court did take that holistic approach the first time. The error was not that it procedurally- The district court changed its mind, but so what follows from that? Right, and I don't think you can look at the district court's opinion as being separable from Collington. It's basically tainted by the error of Collington. The district court was told to do something under a regime that mandates that a district court abuses its discretion when it doesn't reduce a sentence below a certain threshold. And the district court did that. And now we know that Collington was wrong. And so there's no real reason to elevate what the district court said in the third opinion over what it said in the first two opinions, because frankly, I mean, they're irreconcilable. I think the only way you can explain it is that the district court was told to do something under a regime that has now been abrogated, and that's Collington. Thank you. A question, your actual brief, the red brief in this case, you don't dispute that the district court in this case had discretion to impose a reduced sentence on count two. And actually, you argue the opposite. The district court had that discretion. It knew it had that discretion. It exercised that discretion. Why should we let you take a different position through 28J letters, a position that's inconsistent with that? That seems unusual to me. What is going, what's going on here? I'm sorry. I don't think the district court, I think the district court understands and understood in general that it has the ability to reduce a sentence under a non-covered offense. Doesn't your red brief say that it did have discretion? Does your red brief argue that the district court in this case did not have discretion to reduce the sentence on count two? Taken in isolation, of course, it's a non-covered offense. In the context of this case, under sentencing package theory, a district court could reduce the sentence. I don't think that doctrine applies here. And we can talk about that. I mean, I can get straight to the sentencing package doctrine. I was just sort of asking a procedural question. Your argument seems to have changed dramatically between the red brief and the 28J letters. And I'm just wondering why that's, why we don't hold you to only the arguments in your red brief. I'm not sure they changed that much. I mean, under Thomas, count two is not a covered offense. So if an indictment was just count two, no reduction, obviously. But because there's a covered offense under a sentencing package doctrine theory, certain defendants in the appropriate circumstance can benefit from that. You think your red brief said that somewhere? Our brief doesn't really contend with the sentencing package doctrine. Yes. Sure, and of course- Right, that comes up for the first time in a 28J letter. Right, and I think, I mean, and two responses, Your Honor. I think number one, in our view, you know, the circle that this court needs to square, Your Honor might disagree, is the issue of a read. We really shouldn't be in this appeal for a second time, but for the court's initial remand opinion, which has been proven wrong. Well, in two cases, the government in this circuit has conceded the doctrine applies to the First Step Act. And you just were about to say the sentencing package doctrine doesn't apply in this case. What is a, what makes a, well, let me get my exact question. What makes a package or what makes one not a package? So I think this case is a good example of what's not a package. This case involved, this is a pre-Booker case where the defendant's guidelines on count two and count three are imprisonment. And the district court didn't really have much discretion to do anything under this regime, but it is imposed two life sentences concurrent with each other, and that's it. Look at the case, the defendant cites in Hudson, for example, in the defendant's brief, cites Dean, the Supreme Court's decision in Dean. That's a really good example of a district, of highlighting the principle of how district courts package sentences. They take one count, look at the other count, have a certain sentence that they want to issue on the defendant because they think it's justified by the factors. And they structure a sentence, let's say 924C, and the court can do that to the point of giving out a 924C on the, you know, a mandatory sentence on the 924C and one day on the predicate such that if we were, if one of the 924Cs would be vacated, for example, the government could go back under Dean, that's just, this is just an example, and reclaim some of that sentence because obviously the district court didn't want to impose a one day sentence. So I think when there's evidence that- Ms. Pratt, in her argument, gave us at least four reasons why the sentencing package should apply, like one indictment, all in one offense, all in one offense, and I forget what the others were, but she gave us four or five good reasons why you should use the sentencing package doctrine. So what say you about her points? Even if the court disagrees and thinks that this case involves a package sentence, I think that the necessary interrelation that would need to logically exist for a defendant to benefit from a sentencing package doctrine case specifically, and I think the defendant implicitly agrees with this based on the cases that he cites in his brief, needs to be an effect from the covered offense to the non-covered offense, such that if you unravel the sentence, it would actually make sense for you to get a reduced sentence on the non-covered offense. Any indication that the sentence on the non-covered offense was driven or affected. In this case, all the evidence is the opposite. And I agree that the counts are related in a sense of courts, but when you look at what the flow of influence is, it's from count two to count three, and you can start with the drug weight, the quantity. The defendant was attributed with 26 kilograms of crack here. Less than one kilogram of that is attributable to count three. The reason why the defendant's guideline base offense level was so high was not because of count three. You can cut count three out. You can vacate count three. Everything in this case would stay the same. All of the influence, all of the direction of the sentencing was driven by count two. By count two, you can cut that crack cocaine out of the quantity. Look at the role in the offense. The defendant was attributed with a four-level bump on count three for his role in the offense, but the reason why he got that was the conduct on count two. In fact, the defendant actually objected at the original sentence in saying that it didn't apply. The district court basically said you were convicted of being, participating in a CCE, leader, organizer, supervisor, therefore that four-level bump applies to count three. The reckless endangerment enhancement, two-level bump that the defendant got on count three, the conduct there has nothing to do with count three. It was part of the CCE. It precedes the conduct at issue on count three by about two years, and so to use and possession of a gun, the two-level enhancement that the defendant received there, the vast majority of instances of gun possession and certainly usage in this case came through count three. The specific incident, the shooting of Latonya Crawford that the district court relied on and adding the enhancement sentencing has nothing to do with count three. That was part of the CCE on count two, and so when you look at the, again, when you look at the direction, and again, I agree with the defendant that these counts are related, but what logically would require a district court to reconsider a non-covered offense under a sentencing package doctrine theory? Yes, Ron. I'm sorry, I didn't mean to cut you off, and that was very helpful. Can I ask you the same question I asked your colleague? So with this case law of insura, and in our circuit, at least, we seem to almost treat sentences handed down together for offenses that were indicted, tried, fled together. We just kind of say, per se, they're all part of a package. They're all interrelated. Whenever a district court hands down a sentence, it's all part of one package. That's the way our court sentenced, which is a broader kind of notion of what makes when the sentencing package doctrine would apply than what we're talking about in this case. So what do I do with that with cases like insura? Like if we vacate one sentence on appeal, we void the whole sentence and send everything back, and we do not stop and ask, well, how intertwined is this one? Would it make sense? We don't try to figure any of that out or anticipate how the judge might think about it on remand. We just clear the decks so the judge can resentence on everything. So that's like our sentencing package doctrine. How do I work with that in this case? Yeah, I mean, I think that the way the court generally, when the court reverses and remands and says it's gonna send things back under sentencing package doctrine three, generally, I mean, I don't wanna overstate this, but generally, the issue isn't tested and isn't briefed. And so the court isn't saying, you know, we've looked, like you said, we've looked at the sentence, we've decided, it's not a package or it is a package, we're sending it back for the district court to do it. And that's because it is a district court's job to do this. And so I wouldn't, although it may be practice, I wouldn't say it's a binding precedent necessarily such that I need to- The cases say that the reason we do that is because we do view all of the sentences as interrelated and part of the same package and that we anticipate that judges will sentence holistically taking account of it. I mean, the rationale we have given, I guess you could argue like, well, that's the reasoning, it's not the holding, but I mean, that's just the way we talk about it. Right, and I appreciate that. I don't think that, again, that that practice is necessarily binding. I'm not sure that the issues in those cases were even briefed as to what exactly is or isn't a package. The court may take a broad approach to sentencing package doctrine cases in the sense of just remanding when there are multiple counts, but it can't be that every two plus, two or more count indictments necessarily is, necessarily means that there is a package sentence. Again, this is an example of a case where a judge pre-booker issued two current mandatory life sentences. And there's nothing in the record to show that the district court was piecing different sentences together to come up with this aggregate sentence that he wanted to impose. And again, that's not because he didn't want to, it's just because this is a pre-booker case and the guidelines were so high. So I recognize that the court may speak broadly about the sentencing package doctrine. Obviously, this issue would not have been presented in those cases. And I don't think that that practice of reverting and remanding based on sentencing package doctrine theory necessarily means that we need to reconcile our theory with that practice. I just, again, I want to reiterate, the sort of bottom line point is that we don't think that the sentencing package doctrine supports basically fictional claims of how one count relates to another count. I think even if there is a sentencing package, a defendant has to show, well, why would you get, logically, why would you get a sentence reduction on a non-covered offense? Why don't you get a reduction on the covered offense? You'd have to show some type of influence or effect from the covered to the non-covered. And I would encourage the court to look at the district court cases the defendant cites in his brief, including the Seventh Circuit and Hudson. Those are cases where, because of grouping or because of career offender provisions, the higher stat max crack counts drove the sentence on gun counts, that's Hudson, such that when the stat max goes down, the guideline range goes down. I think in Hudson, the guideline range went down by 100 months. So it makes sense. If you're gonna reduce the sentence on the covered offense and all the guidelines have shifted, well, the defendant should have a crack at getting reduction on the non-covered offense, but it doesn't make sense in this case. So happy to answer any of your honors questions. Thank you. C.S. Two points, one a little more extended than the other. On the government's point that there was no valid basis to ever have sent this case back or to reduce in the first instance. That's law of the case. This court decided the first appeal on the basis of the law as it was at that time. The law changed. Well, that happens. It's no different from worsening being overturned, excuse me, by Terry. That happens. So this court in no way erred in sending the case back. Then second, in terms of whether this is a package or not a package, I would like to point, I have three points on that. First, I would direct the court's attention to its decision in the Gravatt case at 953 F. 3rd, 258. And specifically at page 264, which was addressing a multi-drug conspiracy. But its reasoning applies absolutely equally when counts are charged separately. So I'm quoting and in response to the government's arguments the court said, first, we see nothing in the text of the First Step Act, requiring that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified. And then second, the government's position would in effect impose an additional limitation on the act's applicability. I'm skipping slightly. If Congress intended for the act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language, but it did not. We declined to expand the limitations crafted by Congress. The second point that I would like to make is in the middle of September, the government, the same AUSA who submitted the red brief in this case, filed a Rule 28J response in another one of my cases that also involved CCE and substantive 841 offenses. That case is Nathaniel Watkins, 19-7899. And I'm looking at this court's opinion, which is ECF 30 at page three, in which it quotes the government's response. And I'll quote from the opinion. The government acknowledges that Watkins was convicted of covered offenses and that the district court could have revisited Watkins' life sentence for the CCE offense, and this is the critical part, because Watkins' covered offenses were grouped with the CCE offense and the sentences formed a sentencing package. Mr. Richardson's case is no different. And then finally, I'd like to flip the government's hypothetical around. It argues that if there was no count three, the result would be the same. I'd like to flip it around to if there is no count two, it would also be the same result. And that has to do with the guideline calculations. When you look at the calculations on count two, they are exactly the same as those on count three. And it has to do with relevant conduct. If he had been convicted of count two, and let's say it was a conspiracy count, which is clearly a covered offense, it would be exactly the same result. And there would be absolutely no question that the court could reduce the sentence. So we asked this court to remand this case and to give the district court the opportunity to consider whether it wants to also reduce the sentence on CCE count to that same 30 years that it found was appropriate on the substantive count. Thank you. Thank you, counsel. We'll come down and recounsel and proceed to our final case for the morning.
judges: Roger L. Gregory, Pamela A. Harris, Henry F. Floyd